Michael M. Yi
LEE ANAV CHUNG WHITE
KIM RUGER & RICHTER LLP
99 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 271-0664
Facsimile: (212) 271-0665
E-mail: michaelyi@lacwkrr.com

*Attorneys for Plaintiffs PT. HTM Indonesia
and Mega International Trading Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PT. HTM INDONESIA and MEGA INTERNATIONAL
TRADING LIMITED,                                   **ECF CASE**

                               Plaintiffs,        **COMPLAINT**

    v.

ROCKY BRANDS INC.,

                               Defendant.
-------------------------------------------------------------------X

       Plaintiffs PT. HTM Indonesia ("HTM") and Mega International Trading Limited ("Mega International"), by their attorneys Lee Anav Chung White Kim Ruger & Richter LLP, as and for their Complaint (the "Complaint") against defendant Rocky Brands Inc. ("Rocky Brands"), allege as follows:

**NATURE OF THE ACTION**

       1.     This is a breach of contract action brought by plaintiffs—manufacturers of footwear—against defendant Rocky Brands—a reseller of branded footwear (the "Products")[1]—

---

[1] The Products in issue are footwear sold by Rocky Brands under its Original Muck Boot Company and Xtratuf footwear brands.

for its failure to pay for the Products which it purchased from plaintiffs.  The outstanding amounts due by Rocky Brands to plaintiffs total over $28 million.

## THE PARTIES

2.      Plaintiff HTM is a corporation organized and existing under the laws of the Republic of Indonesia, with its principal place of business at JL. Raya Serang KM 08, Telesonic, RT.01 / RW.01, Kadu Jaya, Curug 15810, Tangerang, Indonesia.

3.      Plaintiff Mega International is a corporation organized and existing under the laws of Macau Special Administrative Region of the People's Republic of China, with its principal place of business at Unit 1705, 17th Floor, AIA Tower, NOS 251A-301, Avenida Comercial De Macau, China.

4.      Upon information and belief, defendant Rocky Brands is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 39 East Canal Street, Nelsonville, Ohio 45764.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiff HTM is a citizen of the Republic of Indonesia.  Plaintiff Mega International is a citizen of Macau Special Administrative Region of the People's Republic of China.  Upon information and belief, defendant Rocky Brands is a citizen of the State of Ohio. Thus, there is complete diversity between plaintiffs and defendant Rocky Brands.  The matter in controversy exceeds the sum or value of $75,000.00, excluding interest and costs.

6.      Venue is proper within this district pursuant to Section 18(d) of the Agreement (defined and discussed in ¶ 11 below), which provides that "the federal or state courts in New York, New York will have exclusive jurisdiction of any dispute."  Venue is also proper within

this district pursuant to Section 34.1 of the purchase orders issued by Rocky Brands' predecessor Honeywell International Inc., which provides:

> If Honeywell is a legal entity formed in the United States, then the construction, interpretation, performance, and enforcement hereof this Purchase Order, all transactions under this Purchase Order and the Parties' relationship in connection with this Purchase Order or any related claims, whether founded in contract, tort or otherwise, will be governed by the laws of the State of New York, U.S.A. without regard to or application of its principles or laws regarding conflicts of laws, and excluding the United Nations Convention on Contracts for the International Sale of Goods of 1980 (and any amendments or successors thereto), and the federal or state courts in New York, New York will have exclusive jurisdiction of any dispute.

Initial Purchase Orders § 34.1.  (A copy of an Initial Purchase Order is annexed hereto as *Exhibit 1*.)

## BACKGROUND

**The Initial Purchase Orders**

7.     From in or about May, 2020 to March, 2021, Rocky Brands' predecessor Honeywell International Inc. ("Honeywell"), through its subsidiaries Honeywell Safety Products USA, Inc. ("Honeywell Safety Products"), North Safety Products Ltd. ("North Safety Products"), and US Footwear, issued a total of 39 purchase orders (the "Initial Purchase Orders") to plaintiff HTM for the Products.

8.     Upon information and belief, in March, 2021, Rocky Brands assumed all obligations of Honeywell Safety Products, North Safety Products, and US Footwear under the Initial Purchase Orders as part of Rocky Brands' acquisition of Honeywell's subsidiary US Footwear.

9.     The Initial Purchase Orders provide, in pertinent part:

> Payment terms are net 120 days from receipt of a correct invoice and conforming Goods *unless otherwise stated on the face of this Purchase Order* or other written agreement executed by both Parties . . . . (emphasis added)

Initial Purchase Orders § 13.

10. The payment terms on the face of the Initial Purchase Orders were "Net 60 days." Initial Purchase Orders at 1.

11. From in or about January, 2021 to December 2021, HTM manufactured and delivered the Products to Rocky Brands in accordance with the Initial Purchase Orders.

12. Rocky Brands, however, failed to make payment in full for the Initial Purchase Orders. The outstanding balance due to HTM is $1,260,346.84.

**The Agreement and Rocky Brands' Acquisition of US Footwear**

13. In March, 2021, Honeywell—in anticipation of the acquisition by Rocky Brands of its subsidiary US Footwear—entered into a Retail Footwear Master Supply Agreement, dated as of March 13, 2021 (the "Agreement"), with HTM. (A copy of the Agreement is annexed hereto as *Exhibit 2*.)

14. Upon information and belief, in March, 2021, Rocky Brands acquired Honeywell's subsidiary US Footwear, including its Original Muck Boot Company and Xtratuf footwear brands. Upon information and belief, in connection with that acquisition, the Agreement was assigned by Honeywell to Rocky Brands, and Rocky Brands assumed all rights and obligations of Honeywell as the buyer under the Agreement.

15. Thereafter, in January, 2022, the Agreement was assigned by HTM to its affiliate Mega International, with the consent of Rocky Brands, and Mega International assumed all rights and obligations of HTM as the supplier under the Agreement.

16. The Agreement provides, in pertinent part:

> Honeywell shall, from time to time, order Products from Supplier to be manufactured at Supplier's Facilities using Honeywell's Purchase Order form. Within five (5) business days of receipt of a Purchase Order, Supplier shall acknowledge receipt and acceptance of such Purchase Order and shall confirm the Ex-Factory Date for the ordered Products via Honeywell's purchase order management system (SUS). A Purchase Order may be accompanied by or refer to detailed specifications and samples.

Agreement § 2.

17. The Agreement defines the "Products" as follows:

> "Products" shall mean footwear products and components, or any other products which are specified on Purchase Orders from time to time, manufactured in whole or in part by Supplier with use of one or more of the Trademarks and delivered to Honeywell, or to other parties designated by Honeywell.

Agreement § 1.

18. With respect to purchase orders, the Agreement provides:

> Each confirmed (acknowledged and accepted) Purchase Order shall constitute an agreement between Honeywell and Supplier for the manufacture and delivery of Products in accordance with the terms and conditions of the Purchase Order. Honeywell may amend the terms of a Purchase Order, subject to Supplier's acceptance, via a confirmation notice, change order, or other communication. Supplier agrees it will accept all Purchase Orders compliant to the terms and conditions of this Agreement issued by Honeywell during the Term of the Agreement.

Agreement § 2.

**The Purchase Orders**

19. From in or about March, 2021 to June, 2022, Rocky Brands issued a total of 742 purchase orders (the "Purchase Orders") to plaintiffs for specified numbers of the Products (the "Purchased Products").

5

**The Fulfilled Purchase Orders**

20. Pursuant to the Agreement and 334 of the Purchase Orders—and the specific product specifications provided by US Footwear and thereafter by Rocky Brands— plaintiffs manufactured and delivered the Purchased Products (the "Fulfilled Purchase Orders").

21. Rocky Brands, however, has failed to make payment in full for the Fulfilled Purchase Orders. The outstanding balance due is $11,794,222.80.

**The Cancelled Purchase Orders**

22. In or about September, 2021, the parties' representatives met at Rocky Brands' offices in Westwood, Massachusetts.

23. At that meeting, HTM and Rocky Brands signed a memorandum of understanding (the "MOU") which provides, in pertinent part:

> **ROCKY BRANDS UNDERTAKING** As part of the cooperation with [HTM], Rocky Brands hereby commits itself and undertake to submit orders to [HTM], in the following years and quantities:
>
> a. 2022: 4 million pairs;
> b. 2023: 5 million pairs; and
> c. 2024: 6 million pairs.

MOU § 1.

24. In accordance with the MOU, the parties discussed Rocky Brands' forecasts and anticipated purchase orders for 2022 (the "2022 Forecasts"). (A copy of the MOU is annexed hereto as *Exhibit 3*.)

25. Thereafter, in or about November, 2021, in accordance with the 2022 Forecasts and Rocky Brands' requests, HTM ordered the materials for both 408 of the Purchase Orders and the anticipated purchase orders.

26. In or about April, 2022, Rocky Brands—for the very first time—stated to plaintiffs that it was experiencing "cash flow problems" and that such problems limited its ability to make the payments due to plaintiffs. The outstanding amounts due to plaintiffs at that time totaled approximately $10 million.

27. Rocky Brands then proposed to pay $1 million per week toward the outstanding balance, and plaintiffs agreed to accept such payments.

28. Upon information and belief, in or about June, 2022, Rocky Brands closed its offices in Westwood, Massachusetts, and Guangzhou, China, and laid off a number of its employees.

29. Thereafter, in early July, 2022, Rocky Brands unilaterally lowered its weekly payments from $1 million to $500,000. Shortly thereafter, Rocky Brands ceased all payments.

30. In mid-July, 2022, the parties' representatives met at Rocky Brands' offices in Nelsonville, Ohio. At that meeting, Rocky Brands acknowledged the Purchase Orders and agreed to pay the outstanding amounts due to plaintiffs.

31. Despite such acknowledgement and agreement, Rocky Brands failed to make any further payment toward the outstanding balance.

32. Moreover, in late July, 2022, Rocky Brands cancelled a total of 408 of the Purchase Orders for the Purchased Products which had not yet been manufactured or shipped to Rocky Brands (the "Cancelled Purchase Orders").

33. At the time of the cancellation, HTM had completed manufacture of the Purchased Products for 188 of the Purchase Orders for shipment to Rocky Brands and had partially completed manufacture of the Purchased Products for 71 of the Purchase Orders.

34. Section 5(b) of the Agreement provides, in pertinent part:

> Cancellation for Convenience.  Honeywell shall have the right to cancel a Purchase Order, in whole or in part, at any time, provided, however, that in the event Supplier has made firm purchase commitments for materials to satisfy such Purchase Order, then Honeywell shall either (i) authorize Supplier to apply such materials to a separate Purchase Order or to a different Product if such Product uses the same materials, or (ii) reimburse Supplier for the cost of the materials purchased to satisfy the Purchase Order.

Agreement § 5(b).

35. Despite cancelling the Cancelled Purchase Orders, Rocky Brands has failed to reimburse plaintiffs for the cost of the materials purchased to satisfy the Purchase Orders.  The outstanding reimbursement amount due is $11,121,178.29.

**The Tooling Purchase Orders**

36. From in or about February, 2021 to May, 2022, in connection with the Purchase Orders, Rocky Brands issued separate purchase orders for the tooling and samples and also made certain special requests (collectively, the "Tooling Purchase Orders").

37. Pursuant to the Agreement and the Tooling Purchase Orders, plaintiffs incurred a total of $747,844.48 in connection with the purchase of the tooling, manufacture of the samples, and implementation of the requisite measures to accommodate Rocky Brands' special requests (collectively, the "Tooling Costs").

**The Storage Costs**

38. From in or about March, 2022 to July, 2022, Rocky Brands requested that plaintiffs delay shipment of certain of the Purchased Products.

39. In accordance with that request, plaintiffs delayed shipment of those products and temporarily relocated them to an off-site storage facility, thereby incurring storage and handling costs (the "Storage Costs") totaling $421,664.00.

**Plaintiffs' Demand for Payment**

40. By letter dated October 11, 2022, plaintiffs demanded that Rocky Brands pay all outstanding amounts due to plaintiffs.

41. Despite such demand, to date, Rocky Brands has failed to make any payment to plaintiffs.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

42. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 41 of the Complaint with the same force and effect as if fully set forth herein.

43. HTM performed all of its obligations in accordance with the terms of the Initial Purchase Orders.

44. Rocky Brands has failed to pay to HTM the outstanding balance of $1,260,346.84 for the Initial Purchase Orders.

45. Such failure constituted a material breach by Rocky Brands of the terms of the Initial Purchase Orders.

46. As a result of the foregoing, HTM has been damaged in an amount to be determined at trial, but not less than $1,260,346.84, plus interest as permitted by law.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

47. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 46 of the Complaint with the same force and effect as if fully set forth herein.

48. Plaintiffs performed all of their obligations under the Agreement and the Fulfilled Purchase Orders.

49. Rocky Brands has failed to pay to plaintiffs the outstanding balance of $11,794,222.80 for the Fulfilled Purchase Orders.

50. Such failure constituted a material breach by Rocky Brands of the terms of the Agreement and the Fulfilled Purchase Orders.

51. As a result of the foregoing, plaintiffs have been damaged in an amount to be determined at trial, but not less than $11,794,222.80, plus interest as permitted by law.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

52. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 51 of the Complaint with the same force and effect as if fully set forth herein.

53. Plaintiffs performed all of their obligations under the Agreement and the Cancelled Purchase Orders.

54. Rocky Brands has failed to reimburse plaintiffs "for the cost of the materials purchased to satisfy" the Cancelled Purchase Orders, as required by the Agreement.

55. Such failure constituted a material breach by Rocky Brands of the terms of the Agreement and the Cancelled Purchase Orders.

56. As a result of the foregoing, plaintiffs have been damaged in an amount to be determined at trial, but not less than $11,121,178.29, plus interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
**(Breach of Contract)**

57. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 56 of the Complaint with the same force and effect as if fully set forth herein.

58. Plaintiffs performed all of their obligations under the Agreement and the Tooling Purchase Orders.

59. Rocky Brands has failed to make any payment to plaintiffs for the Tooling Costs.

60. Such failure constituted a material breach by Rocky Brands of the terms of the Agreement and the Tooling Purchase Orders.

61. As a result of the foregoing, plaintiffs have been damaged in an amount to be determined at trial, but not less than $747,844.48, plus interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
**(Breach of Contract)**

62. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 61 of the Complaint with the same force and effect as if fully set forth herein.

63. Plaintiffs performed all of their obligations under the Agreement.

64. Rocky Brands has failed to make any payment for the Storage Costs.

65. Such failure constituted a material breach by Rocky Brands of the Agreement.

66. As a result of the foregoing, plaintiffs have been damaged in an amount to be determined at trial, but not less than $421,664.00, plus interest as permitted by law.

WHEREFORE, plaintiffs pray for judgment:

   a. On the First Claim for Relief, awarding to plaintiff HTM and assessing against defendant Rocky Brands damages in an amount to be determined at trial, but not less than $1,260,346.84, plus interest as permitted by law;

   b. On the Second Claim for Relief, awarding to plaintiffs and assessing against defendant Rocky Brands damages in an amount to be determined at trial, but not less than $11,794,222.80, plus interest as permitted by law;

  c.  On the Third Claim for Relief, awarding to plaintiffs and assessing against defendant Rocky Brands damages in an amount to be determined at trial, but not less than $11,121,178.29, plus interest as permitted by law;

  d.  On the Fourth Claim for Relief, awarding to plaintiffs and assessing against defendant Rocky Brands damages in an amount to be determined at trial, but not less than $747,844.48, plus interest as permitted by law;

  e.  On the Fifth Claim for Relief, awarding to plaintiffs and assessing against defendant Rocky Brands damages in an amount to be determined at trial, but not less than $421,664.00, plus interest as permitted by law;

  f.  Awarding to plaintiffs the costs and expenses, including attorneys' fees, incurred and to be incurred by them in connection with this action; and

  g.  Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
    November 7, 2022

            LEE ANAV CHUNG WHITE
            KIM RUGER & RICHTER LLP

            By: _____
              Michael M. Yi

            99 Madison Avenue, 8th Floor
            New York, New York  10016
            (212) 271-0664

            *Attorneys for Plaintiffs PT. HTM Indonesia*
            *and Mega International Trading Limited*